

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Jerry Sadler, Member
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-1958
Re: Power of Railroad Commission to rescind, amend, or promulgate a proration order without notice and hearing.

In your letter of February 8, 1940, you set out the proration order promulgated by the Railroad Commission of Texas on the 20th day of December, 1939, and the proration order promulgated by the Railroad Commission of Texas on the 24th day of January, 1940, and ask the opinion of this department upon the following questions:

"First: In view of the fact findings made by the Commission in the Orders hereinabove referred to, can the Railroad Commission of the State of Texas, acting within the State of Texas, a quorum thereof being present, rescind the Order of January 24, 1940, fixing the allowable production of oil for the various fields in Texas, and adopt a new order fixing the allowable production of oil in the various fields of Texas on the basis of the Order of December 20, 1939, without calling a hearing and issuing notices pursuant thereto to all interested parties?

"Second: Again, can the Railroad Commission of Texas, in view of the provisions of the Orders hereinabove referred to, acting within the State of Texas, a quorum thereof being present, enter a valid proration order substantially different to its Order of January 24, 1940, hereinabove referred to, fixing the amount of oil that may be produced from the various fields in Texas in the absence of a meeting called by the Railroad Commission for such purpose and the issuance of notice thereof to all interested parties?

"Third: Should the Railroad Commission of Texas by proper Order, duly rescind its Order of January 24, 1940, fixing the allowable oil production for the various fields in Texas, can it by Order reinstate its Order of December 20, 1939, fixing the amount of oil that can be produced from the various fields within the State of Texas without calling a hearing for such purpose and issue a notice of such hearing to all interested parties?"

The statute relating to the promulgation of rules, regulations and orders by the Railroad Commission with respect to the conservation of oil and gas and the prevention of waste is Article 6036a, Vernon's Revised Civil Statutes, which reads as follows:

"No rule, regulation or order shall be adopted by the Commission under the provisions of this Act or of Title 102 of the Revised Civil Statutes of Texas, 1925, as amended, dealing with the conservation of oil and gas and the prevention of the waste thereof, except after hearing upon at least ten (10) days notice given in the manner and form prescribed by the Commission; provided that in case an emergency is found by the Commission to exist which, in its judgment requires the making of a rule, regulation or order without notice and hearing, such emergency rule, regulation or order may be promulgated and shall have the same validity as if a hearing with respect to the same had been held after due notice. The emergency rule, regulation or order authorized herein shall remain in force no longer than fifteen (15) days from its effective date, and, in any event, it shall expire when the rule, regulation or order made after due notice and hearing with respect to the subject matter of such emergency rule, regulation or order becomes effective.

"The Commission may, without prior notice, revoke any rule, regulation or order promulgated by it; and it may, without prior notice, amend the same, provided the subject matter of the amendment was considered at the hearing made the basis for such rule, regulation or order. The renewal or extension of any rule, regulation or order shall be based upon a hearing after proper notice, subject to the provisions of this Section with reference to emergency rules, regulations and orders."

Honorable Jerry Sadler, Page 3

It will be seen that the statute lays down the general rule that no rule, regulation or order dealing with conservation of oil or gas can be entered by the Railroad Commission, or renewed or extended by it, except after hearing upon ten days notice to interested parties.

It will further be observed, however, that this general rule is subject to the following statutory exceptions:

1. The Commission, without notice and hearing, may revoke or rescind any rule, regulation or order promulgated by it. The revocation or rescission of such order would leave no order, rule or regulation in effect with respect to the subject matter.

2. If the Commission finds an emergency to exist requiring it, it may enter an emergency rule, regulation or order without a hearing; but such emergency order will be effective for only 15 days and will in any event become ineffective when a rule, regulation or order is entered by the Commission with respect to the same subject matter following notice and hearing.

3. An order previously entered by the Commission following notice and hearing may be changed or modified by amendment, if the subject matter of the amendment was considered at the hearing which was the basis for the original order promulgated by the Commission, without additional notice and hearing as a condition precedent to the right to make such amendment.

4. The statutory exceptions mentioned above measure and limit the right of the Commission to revoke or rescind its order, promulgate a new order, or amend its existing order, without notice and hearing.

If the order to be entered in lieu of the January 24, 1940, order does not fall within the category of an emergency order, or if it is to be made as an amendment of the January 24, 1940, order, and the subject matter thereof was not considered at the hearing which was the basis for the January 24, 1940, order, such order cannot be entered without notice and hearing. Whether under the facts the proposed order falls within either of these categories, so that it may be promulgated without notice and hearing, is a matter which addresses itself to the consideration of the Commission as such, and which cannot be determined by this department upon the basis of the

Hon. Jerry Jadler, Page 4

information submitted in your request.

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED FEB 10, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

